UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON MICHAEL EDGAR,

               Petitioner,

                                   CASE NO. 07-12691

v.

                                   PAUL D. BORMAN

LINDA M. METRISH,                      UNITED STATES DISTRICT JUDGE

               Respondent.

_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Jon Michael Edgar has filed a *pro se* habeas corpus petition challenging his state conviction for assault with a dangerous weapon. Also pending before the Court is Petitioner's "Motion for Admittance of Supplemental Pleadings." Although Respondent contends that Petitioner did not exhaust state remedies for his claims, the Court has found no merit in the claims. Accordingly, the habeas petition will be considered on the merits. Having considered the petition, the Court denies the petition and declines to issue a certificate of appealability.

**I. BACKGROUND**

    **A. State Court Proceedings**

Petitioner was charged in Bay County, Michigan with assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. He was found incompetent to stand trial and committed to the Center for Forensic Psychiatry in January of 2002. About three months later, a certified forensic examiner determined that Petitioner was competent to stand

trial, and at a hearing on May 14, 2002, the trial court declared Petitioner competent to stand trial. On June 19, 2002, Petitioner pleaded guilty to the lesser charge of assault with a dangerous weapon, Mich. Comp. Laws § 750.82. In return, the prosecutor recommended a probationary sentence and dismissed the count charging Petitioner with assault with intent to do great bodily harm. On August 5, 2005, the trial court sentenced Petitioner as a habitual offender to one year in the county jail, with credit for time served, and five years of probation.

Petitioner subsequently failed to comply with two technical conditions of probation, and on November 14, 2002, he pleaded guilty to violating the conditions of probation. On January 9, 2003, the trial court revoked probation and sentenced Petitioner on the underlying offense to imprisonment for three to eight years.

Petitioner raised several of his habeas claims in an application for leave to appeal. The Michigan Court of Appeals dismissed the appeal as untimely. *See People v. Edgar*, No. 263780 (Mich. Ct. App. Aug. 17, 2005) (unpublished). Petitioner raised the same issues and two new claims about appellate counsel in the Michigan Supreme Court. On September 26, 2006, the state supreme court denied leave to appeal because it was not persuaded to review the issues. *See People v. Edgar*, 477 Mich. 865 (2006) (table).

On November 26, 2006, Petitioner filed a state complaint for the writ of habeas corpus in Chippewa County Circuit Court. He alleged that the trial court abused its discretion and violated his right to due process by holding a competency hearing in his absence. The circuit court dismissed Petitioner's complaint on the basis that a complaint for habeas corpus is an improper method of review. Petitioner then filed a complaint for the writ of habeas corpus in the Michigan Court of Appeals, which dismissed his complaint for lack of jurisdiction because a

state complaint for habeas corpus is not a substitute for an appeal.  *See People v. Edgar*, No. 276936 (Mich. Ct. App. Apr. 26, 2007) (unpublished).  Petitioner alleges that he did not appeal that decision to the Michigan Supreme Court due to a lack of financial resources.

### B.  The Habeas Petitions and Answer

Petitioner filed his habeas corpus petition in this Court on June 26, 2007, and on August 6, 2007, he filed an amended petition.  The first habeas petition lists the following grounds for relief:

1.  Before the original plea and sentencing there was a violation of due process and ineffective assistance of trial counsel.

2.  Violation of due process and ineffective assistance of counsel during the violation of probation hearing where there was a bona fide doubt as to Petitioner's competency and proceeding against him without a current psych. (sic) evaluation and hearing.

3.  Ineffective assistance of appellate counsel

4.  During the preliminary examination and the proceedings that followed, Petitioner was denied due process under the 14th Amendment and violated the confrontation clause of the 6th amendment.

5.  Prosecutorial misconduct causing a violation of due process which resulted in a "miscarriage of justice."

The amended habeas petition asserts the following additional claims, which the Court has numbered in such a way that they follow consecutively to the other claims:

6.  The trial court abused its discretion and clearly erred as a matter of law and violated the petitioner's due process rights by holding an improper formal competency hearing an[d] arbitrarily re-determined Petitioner['s] competen[ce] in absentia; defense counsel was ineffective in failing to object to the competency hearing being held in Petitioner's absence.  US Const AM VI, XIV; Mich. Const of 1963, Art I §§ 17, 20.

3

7.     The trial court abused its discretion and clearly erred as a matter of law and violated Petitioner's constitutional right to due process by failure to sua sponte order Petitioner to undergo a current psychological evaluation and hearing where the record provides significant evidence of possible incompetence a 'bona fide doubt' and a determination of competency made before accepting Petitioner's guilty plea for probation violation since competency is an ongoing matter; defense counsel rendered ineffective assistance by failing to assure a current psych (sic) evaluation and hearing was held where "bona fide doubt" existed and for failing to seriously investigate an insanity defense.  US Const Am V, VI, XIV; Mich Const of 1963, art I §§ 17.

8.     The prosecutor denied Petitioner a fair trial by intentional misconduct of vouching for the credibility of the Center for Forensic Psychiatry report as to Petitioner's competency and by failing to request Petitioner's presence at competency hearing violating due process, also proceeded against and convicted Petitioner while being incompetent where the state was barred from undertaking the criminal prosecution of Petitioner while being incompetent.  US Const Am VI, XIV; Mich Const of 1963, Art I §§ 17, 20.

Respondent argues in an answer to the habeas petition that Petitioner did not exhaust state remedies for his claims and that he still has an available remedy to exhaust.  "[T]he exhaustion requirement is not a jurisdictional one," *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005),  and courts need not address a procedurally defaulted issue before deciding against a petitioner on the merits.  *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  Consequently, the Court will proceed to address the substantive merits of Petitioner's claims rather than analyzing whether the claims are exhausted or procedurally defaulted.

## II.  STANDARD OF REVIEW

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

No state court adjudicated the merits of Petitioner's constitutional claims. Therefore, the deferential standard of § 2254(d) does not apply, and review is *de novo*. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

## III. DISCUSSION

### A. Absence from Competency Hearing

Petitioner alleges that his rights to due process and to confront the witnesses against him were violated when the trial court held a competency hearing in his absence. Petitioner further alleges that the prosecutor should have objected to holding the competency hearing in his absence and defense counsel should have sought an adjournment until Petitioner could attend the hearing.

The Supreme Court has stated that,

even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934). Although the [Supreme] Court has emphasized that this privilege of presence is not guaranteed "when presence would be useless, or the benefit but a shadow," *id.*, at 106-107, 54 S. Ct., at 332, due process clearly requires that a defendant be allowed to be present "to the extent that a fair and just hearing would be thwarted by his absence," *id.* at 108, 54 S. Ct., at 333. Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceedings that is critical to its outcome if his presence would contribute to the

5

fairness of the procedure.

*Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  The right to be present at a critical stage of the proceedings includes "hearings to determine the defendant's competency."  *Comer v. Schriro*, 463 F.3d 934, 956 (9th Cir. 2006) (citing *Sturgis v. Goldsmith,* 796 F.2d 1103, 1108 (9th Cir. 1986)); *see also United States v. Collins*, 430 F.3d 1260, 1264 (10th Cir. 2005) (collecting cases and agreeing with other circuits that "competency hearings are critical stages").

Petitioner was not present at the hearing on May 14, 2002, when the trial court determined that he was competent to stand trial.  The record indicates that Petitioner was being held at the Forensic Center at the time for an evaluation of criminal responsibility.  His presence was not necessary for a fair and just hearing on competency, however, because his attorney represented him at the hearing, and it was clear from the forensic report of April 24, 2002, that Petitioner was stable and competent to stand trial.  The forensic examiner reviewed Petitioner's clinical records and noted that Petitioner had adjusted quickly to his forensic hospitalization.  In the examiner's opinion, Petitioner did not display symptoms that would impair his ability to appreciate his environment, that would interfere with his ability to form a relationship with his attorney, or that would impact his ability to conduct himself appropriately in a courtroom.  The forensic examiner had the following additional comments to make on the issue of competency to stand trial:

> Mr. Edgar recognizes that he is the defendant in this matter pending before the court, and comprehends the very serious nature of the charges pending against him and that a finding of guilty on either criminal charge could result in a potentially lengthy period of imprisonment.  Mr. Edgar is familiar with other dispositions that could be realized in his case and has worked diligently to prepare himself to work actively and cooperatively with his legal representation to provide the best possible defense strategies to maximize his opportunities for a favorable resolution.  Mr. Edgar is familiar with the roles and responsibilities of

> court participants, is familiar with the adversarial process inherent with a trial
> proceeding, and has identified many but not necessarily all of his rights as the
> defendant in this case. He also has taken it upon himself to become familiar with
> the process of a defense of insanity. This individual's concern for an opportunity
> to avoid prison seems to warrant motivation to pursue a positive and
> complimentary relationship with his defense counsel. His encounters with
> Treatment Team members have required little prompting and he can maintain
> appropriate attention, focus, and concentration on matters related to his case.

Center for Forensic Psychiatry Report dated April 24, 2002, at 3.[1] The forensic examiner

summarized his findings as follows:

> Jon Michael Edgar currently presents as an individual who, in this examiner's
> opinion, meets the statutory criteria regarding competency to stand trial. This
> individual with a prior history of psychiatric treatment for Bipolar Disorder does
> not appear at this time to present . . . symptomatology of a mental condition that is
> suggestive of an acute psychotic process at this time. His current mental status
> suggests that he is stable if not partially remitted. His mood, his communications
> and his behaviors indicate that he is currently able to meet his responsibilities as
> an individual who recognizes the seriousness of the charges pending, the nature
> and the object of trial proceedings, and rationally assist defense counsel.

*Id*. at 4. The examiner concluded that Petitioner was competent to stand trial, but that inordinate

delay should be avoided to negate possible decompensation. The examiner also stated that the

administration of prescribed psychotropic medication appeared mandatory. *Id*.

Both attorneys agreed at the hearing on Petitioner's competence to stand trial that a trial

date could be set. (Tr. May 14, 2002, at 5.) The record of Petitioner's subsequent guilty plea to

assault with a dangerous weapon supports the conclusion that Petitioner was competent. He

provided a factual basis for his plea, and he stated that he understood the charge, the plea

agreement, the trial court's comments, and the maximum penalty that he could receive if he

---

[1] The forensic examiner was a social worker, and his report was approved by a medical
doctor, who was a forensic psychiatrist.

violated the conditions of probation.  (Tr. June 19, 2002, at 7-14, 16-18, 23-25.)  Petitioner does not contend that any challenge was raised by Petitioner or counsel regarding his competence to stand trial or plead guilty at his plea proceeding.

The Court concludes that Petitioner's presence at the competency hearing was not necessary to ensure its fairness.  Therefore, Petitioner's constitutional right to be present at critical stages of the proceedings against him was not violated, and neither the prosecutor, nor defense counsel, shirked their responsibilities by failing to object to Petitioner's absence. Further, there is no evidence of lack of competence to undermine the plea of guilty proceeding.

**B.  The Hearing on Charges that Petitioner Violated Probation**

Petitioner alleges that the trial court violated his right to due process by not ordering an evaluation of his competence to stand trial before he pleaded guilty to the charges that he violated the conditions of probation.  Petitioner maintains that competency is an ongoing matter and that  defense counsel was ineffective for failing to object to the lack of a competency evaluation before his plea.

"[T]he Constitution does not permit trial of an individual who lacks 'mental competency.'"  *Indiana v. Edwards*, __ U.S. __, __, 128 S. Ct. 2379, 2383 (2008).

> *Dusky* [*v. United States,* 362 U.S. 402 (1960) *(per curiam)*], defines the competency standard as including both (1) "whether" the defendant has "a rational as well as factual understanding of the proceedings against him" and (2) whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."  *Drope* [*v. Missouri,* 420 U.S. 162 (1975)], repeats that standard, stating that it "has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."

8

*Id.* (citations and emphases omitted).  The same standard applies to defendants who plead guilty. *Godinez v. Moran*, 509 U.S. 389, 399 (1993).

"[A] court's failure to make a proper competency inquiry where there is substantial evidence of a defendant's incompetency violates due process by depriving the defendant of his right to a fair trial."  *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000)(citing *Pate v. Robinson,* 383 U.S. 375, 385-86 (1966)).  "Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope*, 420 U.S. at 181.

> [E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but . . . even one of these factors standing alone may, in some circumstances, be sufficient.  There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated.  That they are difficult to evaluate is suggested by the varying opinions trained psychiatrists can entertain on the same facts.

*Id.*, 420 U.S. at 180.  "Absent evidence of a substantial change in the defendant's condition, there is no constitutional requirement of a second or successive hearing to determine mental competency."  *Banks v. Horn*, 939 F. Supp. 1165, 1171 (M.D. Pa. 1996) (citing *Senna v. Patrissi,* 5 F.3d 18, 20 (2d Cir. 1993), and *Drope*, 420 U.S. at 162), *reversed on other grounds*, 126 F.3d 206 (3d Cir. 1997).

At his plea of guilty to violating the conditions of probation, Petitioner initially asked whether he could plead guilty, but mentally ill, because he did not take his medication for two

months and apparently was not taking medication at the time of the underlying crime.  The trial
court responded to Petitioner's request by stating that, if Petitioner thought he was mentally ill,
the court was required by law to refer his case to the forensic center.  The court then provided
Petitioner with an opportunity to consult his attorney.  After a brief recess, Petitioner stated that
he currently was taking his medication and that he had been taking it "for a while."  He stated
that he was thinking properly, was competent, and wished to plead guilty rather than raise a
defense of mental illness.  (Tr. Nov. 14, 2002, at 7-10 & 15.)   Defense counsel opined that
Petitioner was competent to proceed (*id*. at 9), and Petitioner subsequently provided a factual
basis for the two counts of violating probation (*id*. at 12-15).

There is no evidence in the record suggesting that Petitioner's condition had substantially
changed since the forensic examiner and the trial court found him competent to stand trial.  And
because the state court's competency determination is fairly supported by the record, it is entitled
to complete deference.  *Mackey*, 217 F.3d at 414.  The Court therefore concludes that a second
evaluation of competency was unnecessary.  The lack of one did not violate Petitioner's right to
due process, and his attorney's failure to request one did not amount to ineffective assistance.

### C.  The Prosecutor

Petitioner alleges that the prosecutor vouched for the credibility of the forensic report by
implying that the report was truthful.  To prevail on a  claim of prosecutorial misconduct,
Petitioner must demonstrate that the prosecutor's conduct infringed on a specific constitutional
right or infected the proceedings with such unfairness as to make the resulting conviction a
denial of due process.  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  On habeas review,
the complained-of conduct must be improper and flagrant.  *Broom v. Mitchell*, 441 F.3d 392, 412

10

(6th Cir. 2006) (citing *Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005)), *cert. denied*, __ U.S. __, 127 S. Ct. 1376 (2007).

> Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the office of the [prosecutor] behind that witness. Generally, improper vouching involves either blunt comments [asserting the prosecutor's own belief in a witness's credibility] or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony . . . .

*United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999) (citations omitted) (alterations added).

The prosecutor said very little at Petitioner's competency hearing. Other than announcing his name and agreeing to set the case for trial, the only thing he said was that the forensic report indicated that Petitioner was competent. The prosecutor also offered to present an appropriate order to the trial court. (Tr. May 14, 2002, at 4.) The prosecutor did not indicate any personal belief in the credibility of the report. He merely repeated the forensic examiner's conclusion that Petitioner was competent to stand trial. Petitioner has failed to show that the prosecutor's remarks were improper.

### D. Appellate Counsel

Six successive attorneys were appointed to represent Petitioner on appeal. Petitioner alleges that his fifth and sixth appellate attorneys were ineffective.

Defendants in criminal cases possess a constitutional right to effective assistance of counsel in their first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). The test for ineffective assistance of counsel has two components:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### 1. The Fifth Appellate Attorney

Petitioner's direct appeal to the Michigan Court of Appeals was dismissed because he failed to file a timely application for leave to appeal. Petitioner maintains that his fifth appellate attorney was at fault for the untimely application because the attorney failed to move to withdraw as counsel within forty-two days of being appointed, as required by state law. The Michigan Court of Appeals, in fact, stated that the failure of Petitioner's fifth appellate attorney to file a timely motion to withdraw as counsel "vitiated [Petitioner's] ability to file a delayed application for leave to appeal." *People v. Edgar*, No. 263780 (Mich. Ct. App. Oct. 5, 2005).

"[A]n attorney's failure or refusal to abide by established time deadlines in handling a client's appeal is conduct falling below the minimal standards of competency that federal case law has imposed upon counsel to satisfy constitutional safeguards." *White v. Schotten*, 201 F.3d 743, 752 (6th Cir. 2000) (citing *Strickland*, 466 U.S. at 668, and *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)), *overruled on other grounds by Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005). Therefore, Petitioner has satisfied the "deficient performance" prong of *Strickland*. His attorney's failure to file a timely motion to withdraw was objectively unreasonable.

12

Prejudice is presumed, with no further showing of the merits of a petitioner's underlying claims, when violation of the right to counsel renders a proceeding "presumptively unreliable or entirely nonexistent." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000); *see also White v. Schotten*, 201 F.3d at 752 (explaining that the failure or refusal to abide by established deadlines in handling a client's appeal are *per se* violations of the Sixth Amendment right to effective assistance of counsel) (citing *Rodriquez v. United States*, 395 U.S. 327, 330 (1969)). "Put simply, [courts] cannot accord any presumption of reliability to judicial proceedings that never took place." *Id.* at 483 (quotation marks and citation omitted).

The Michigan Court of Appeals stated in this case that, even if defense counsel's motion to withdraw somehow tolled the time for filing a timely appeal, the court would still lack jurisdiction because Petitioner failed to file a delayed application to appeal within forty-two days of the trial court's order granting his sixth appellate attorney's motion to withdraw and denying Petitioner's motion for substitute counsel. Petitioner's fifth appellate attorney therefore did not deprive Petitioner of an entire proceeding by her failure to file a timely motion to withdraw; nor did she render the appeal "presumptively unreliable." The presumption of prejudice does not apply, and Petitioner must show that his attorney's deficient performance prejudiced his defense.

Petitioner has failed to make the necessary showing. He neglected to file a delayed application for leave to appeal within forty-two days of the order allowing his sixth appellate attorney to withdraw and denying his motion for substitute counsel. He waited almost a year from the date of the order denying his request for substitute counsel to file an application for leave to appeal. Because he had an opportunity to preserve his right to appeal and then failed to file a timely appeal, it cannot be said that his attorney's deficient performance prejudiced the

13

appeal.

### 2. The Sixth Appellate Attorney

Petitioner alleges that his sixth appellate attorney was ineffective because the attorney argued in his motion to withdraw that Petitioner lacked an appealable claim. In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court stated that an appellate attorney's "role as advocate requires that he support his client's appeal to the best of his ability," but "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* at 744.

The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Smith v. Robbins*, 528 U.S. 259, 278 (2000). In fact, "an attorney is 'under an ethical obligation to refuse to prosecute a frivolous appeal.'" *Id.* at 272 (quoting *McCoy v. Court of Appeals of Wis., Dist. I*, 486 U.S. 429, 436 (1988)).

To prevail on his claim, Petitioner "must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id.* at 285 (internal citation omitted). If Petitioner "succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.*

The Court has addressed and found meritless the issues that Petitioner presented to the state court, and Petitioner has not alleged any additional claims that could be considered

nonfrivolous.  Furthermore, the record indicates that Petitioner's sixth appellate attorney submitted a brief in which he discussed the issue of Petitioner's competence to plead guilty.  The attorney concluded that the psychiatric examiner spent a sufficient amount of time with Petitioner to determine whether he was mentally ill.  The attorney also reviewed the pre-sentence and forensic reports and determined that Petitioner was not entitled to a competency hearing and that he was competent to plead guilty.

Appellate counsel's failure to find nonfrivolous issues and to file a merits brief raising them was objectively reasonable, given the record in this case.  Therefore, Petitioner has failed to show that his sixth appellate attorney was ineffective.

## IV.  CONCLUSION

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to, an unreasonable applications of, Supreme Court precedent.  Accordingly, the petition for writ of habeas corpus (Doc. No. 1) and the amended petition for the writ of habeas corpus (Doc. No. 5) are **DENIED**.  Petitioner's motion for admittance of supplemental pleadings (Doc. No. 15) is **GRANTED**, because the motion seeks only to supplement Petitioner's existing arguments.

The Court declines to issue a certificate of appealability because reasonable jurists would agree with the Court's resolution of Petitioner's constitutional claims, and the issues do not warrant encouragement to proceed further.  *Banks v. Dretke*, 540 U.S. 668, 674 (2004).  An appeal, however, could be taken in good faith.  Therefore, Petitioner may appeal this Court's decision *in forma pauperis*.  28 U.S.C. § 1915(a)(3).

15

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 21, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
January 21, 2009.

S/Denise Goodine
Case Manager

16